## JURISDICTION OF THE SUPERIOR COURT OF CINCINNATI.

Superior Court of Cincinnati.

EDWARD G. SCHRIEFER V. THE SAFE-CABINET COMPANY.*

Decided, January 5, 1917.

*Corporations—Not Subject to the Jurisdiction of the Superior Court of Cincinnati, When—Personal Service on President or Managing Agent Not Sufficient to Confer Jurisdiction, When—Section 1571, General Code.*

The jurisdiction of the Superior Court of Cincinnati over corporations is restricted to such only as are located in Cincinnati or have their principal office or place of business in said city; and personal service in Cincinnati upon the president or managing agent of a corporation, not located in said city or having its principal office or place of business therein, does not confer jurisdiction.

*Otto Pfleger* and *Joseph Sagmeister*, for plaintiff.
*Gideon C. Wilson*, contra.

GUSWEILER, J.

This cause is before the court on a motion to quash service of summons, for the following three reasons, to-wit:

1. For the reason that the defendant is a corporation created by the laws of the state of Ohio, and doing business and having its principal office and place of business in Marietta, Washington county, Ohio, as alleged in the petition filed in this cause, and that it has no principal place of business in the city of Cincinnati, Hamilton county, Ohio, and for that reason no valid or lawful service of a summons issued out of the Superior Court of the City of Cincinnati, Ohio, can be made on this defendant in the manner in which same was attempted to be made.

*In a memorandum opinion, published in the *Court Index* of September 11, 1918, the Court of Appeals said:

"The opinion of the court below, written by Gusweiler, J., and concurred in by Merrell and Pugh, JJ., has been submitted to this court, and upon a full consideration of the record this opinion is approved and the judgment is affirmed."

2. For the reason that the Superior Court of Cincinnati, Ohio, has no jurisdiction over this defendant in this action, and for that reason this court has no authority in law to issue and have served upon the defendant a summons, as has been attempted to be done in this case.

3. For reasons appearing upon the face of the petition.

There seems to be no dispute as to the fact that at the present time the defendant corporation has its principal place of business at Marietta, Ohio. The sole issue is, can the Superior Court of Cincinnati obtain jurisdiction over this defendant corporation, with its present principal office located elsewhere than in Cincinnati, by serving its president personally and its managing agent personally here in Cincinnati.

General Code, Sections 1571, part 4, 1576 and 11272, are involved for construction as to this issue. This court is not a constitutional court, but is a creature of the Legislature with only such power and authority as is given specifically by the Legislature. G. C. 1571, part 4, specifically recites the limitations for jurisdiction over corporations, requiring that the defendant corporation must be situated in the city of Cincinnati or must have its principal office or place of business in the city of Cincinnati. We are of the opinion that this section restricts the jurisdiction of this court over corporations to such only as are located in Cincinnati or have their principal office or place of business in Cinicinnati, and that no other section of law can by inference or construction enlarge this specific limitation. Because of the question of jurisdiction affecting this court, the matter has received the careful and serious individual consideration of all its members. We have conducted our investigation and consideration with the jealous desire to hold the jurisdiction, and have endeavored to construe the sections of the law mentioned in such a manner as to make each workable, effective and consistent. We are each and all of the opinion that the court is without jurisdiction in this case, and the motion to quash the service of summons will be granted.

MERRELL, J., and PUGH, J., concur.